UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                  Case No: 2:15-cr-101-FtM-99CM

DIOSME FERNANDEZ HANO
_____/

### ORDER[1]

This matter comes before the Court on Defendant Diosme Fernandez Hano's Motion to Dismiss the Superseding Indictment dated May 31, 2016. (Doc. #94). The Government filed its response on June 6, 2016. (Doc. #99). This matter is ripe for review.

### BACKGROUND

On November 30, 2009, two Hispanic males robbed an armored vehicle by gunpoint in a bank parking lot in Fort Myers, Florida, taking approximately $1.7 million. (Doc. #99 at 1). The Lee County Sherriff's Office (LCSO) did not immediately apprehend the individuals responsible, but was able to collect evidence from the scene. (*Id.* at 2). There, a ski mask and gun grip were located and sent for examination to the Florida Department of Law Enforcement (FDLE). (*Id.* at 2-3). FDLE conducted a deoxyribonucleic acid (DNA) profile of the evidence. (*Id.* at 3). Years later, after the execution of a search warrant, Federal Bureau of Investigation (FBI) agents located

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant Hano and swabbed his mouth with buccal swabs. (*Id.*). FDLE received the swabs, and a Crime Laboratory Analyst created a profile and compared Defendant Hano's DNA to a separate profile created from the ski mask. (*Id.*). Results confirmed that the DNA taken from the ski mask matched that of Defendant Hano. (*Id.*).

Consequently, on August 5, 2015, a federal grand jury returned an indictment (Doc. #7) against Defendant Hano. On March 16, 2016, a grand jury returned a superseding indictment (Doc. #49) against Defendant Hano and Defendant Reinaldo Arrastia-Cardoso.

## STANDARD OF REVIEW

An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *U.S. v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (internal citation omitted). A "district court [must] "dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." *U.S. v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983). "Denials of motions to dismiss the indictment are reviewed for abuse of discretion, but underlying legal errors … are reviewed *de novo*." *U.S. v. Robison*, 505 F.3d 1208, 1225 n. 24 (11th Cir. 2007) (citation omitted).

## DISCUSSION

Defendant Hano argues that the superseding indictment should be dismissed for two reasons: (1) the superseding indictment is invalid because it falls outside the five-year statute of limitations pursuant to 18 U.S.C. § 3282(a); and (2) the Government failed to expressly set forth an exception to the § 3282(a) limitation period in the indictment. (Doc. #94 at ¶ 6).  In response, the Government contends: (1) 18 U.S.C. § 3297 provides an exception to the limitation period set forth in § 3282(a) if an individual is later implicated by DNA testing; and (2) a statute of limitations defense is an affirmative defense, which the Government need not anticipate in an indictment.[2]  The Court will address each argument in turn.

### A.  18 U.S.C. § 3297

Defendant Hano first argues that the indictment and superseding indictment must be dismissed because they are outside the five-year statute of limitation period provided under 18 U.S.C. § 3282(a). The Government disagrees.  It asserts that the indictment and superseding indictment are within the § 3282(a) limitation period because the FDLE lab report did not implicate Defendant Hano until June 26, 2015.  (Doc. #99 at 5).  The Court agrees with the Government.

Section 3297 provides an exception to criminal statute of limitation periods, including those found in § 3282(a), when DNA testing implicates a defendant:

> In a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the

---

[2] The Government also contends that raising a statute of limitations defense in a pre-trial motion under Fed. R. Crim. P. 12(b)(3)(A) has recently been called into question.  The Court need not address this issue today, however.

3

> implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period.

18 U.S.C. § 3297. In applying § 3297 to an indictment, the Court finds *U.S. v. Moore*, No. 15-20552, 2016 WL 2591874, at *1 (E.D. Mich. May 5, 2016), illustrative. In *Moore*, the defendant filed a motion to dismiss his indictment because over a ten-year period passed between the date of the offenses and the date of the charges. *Id.* at *2. The court denied the defendant's motion, finding that § 3297 provides "an exception to the general limitations period based on the distinctive reliability of DNA testing." *Id*; *see also U.S. v. Kiel*, Nos. 1:13CR51-LG-RHW-2, 1:14-CR1-LG-JMR-2, 2014 WL 2710955, at * 2 (S.D. Miss. June 16, 2014).

Turning to this action, the subject offense occurred over six years prior to the date of the superseding indictment. But this time period is not fatal to the indictment. To be sure, DNA testing did not implicate Defendant Hano until June 26, 2015, which means that the limitation period under § 3282(a) did not begin to run until this date. Accordingly, both the indictment and superseding indictment are well within the five-year limit. (Doc. #99 at 5).

### B.  STATUTE OF LIMITATIONS AS AN AFFIRMATIVE DEFENSE

Defendant Hano further argues that the indictment is invalid because it did not expressly state an exception to the limitations period. (Doc. #94 at 3). In response, the Government argues that a statute of limitations defense is an affirmative defense, and the Government need not anticipate an affirmative defense in an indictment. (Doc. #99 at 10-11). The Court agrees with the Government.

A statute of limitations defense "does not divest a district court of subject matter jurisdiction, but rather constitutes an affirmative defense, which the defendant can waive."

4

*U.S. v. Najjar*, 283 F.3d 1306, 1309 (11th Cir. 2002) (citation omitted).  When addressing such defenses, the Supreme Court has held that it is unnecessary, for sufficiency purposes, that the Government anticipate affirmative defenses in an indictment.  *U.S. v. Sissons*, 399 U.S. 267, 288 (1970).

Although the Eleventh Circuit has not addressed a factually similar case, the Government cites to *U.S. v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004), which the Court finds illustrative here.  In *Titterington*, 17 defendants received an 89-count indictment.  *Id.* at 455.  In response, the "[d]efendants moved to dismiss the indictment, arguing that an indictment must allege that an offense occurred within the applicable statute-of-limitations period." *Id.*  The court held "that the statute of limitations is an affirmative defense that the Government need not specifically plead in a criminal indictment." *Id.* at 454.  The court reasoned that such a defense "does not impose a pleading requirement on the Government, but merely creates an affirmative defense for the accused." *Id. at 457*.

Here, it is clear that the § 3282(a) limitations period is an affirmative defense.  As such, the Government was not required to include this defense in the indictment or superseding indictment.  Therefore, Defendant's argument fails.

Accordingly, it is now

**ORDERED:**

Defendant Diosme Fernandez Hano's Motion to Dismiss the Superseding Indictment (Doc. #94) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this day of 20th day of July, 2016.

                                                SHERI POLSTER CHAPPELL
                                                UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record